T.C. Memo. 2007-41

UNITED STATES TAX COURT

DEBRA BOCK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7081-06.                    Filed February 21, 2007.

<u>Bernard S. Mark</u> and <u>Richard S. Kestenbaum</u>, for petitioner.

<u>Theresa G. McQueeney</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion to dismiss for lack of jurisdiction (respondent's
motion).  We shall grant respondent's motion.

<u>Background</u>

The parties agree and/or do not dispute the following.

Petitioner resided in Franklin Square, New York, at the time
she filed the petition in this case.

Petitioner and her spouse jointly filed a Federal income tax return (return) for each of their taxable years 1997 (1997 return), 2000 (2000 return), and 2003 (2003 return).  Each of those returns showed tax due.  Petitioner and her spouse did not pay the tax due shown in the 1997 return, the 2000 return, or the 2003 return.

Respondent has not asserted a deficiency for any of petitioner's taxable years 1997, 2000, and 2003.

On April 4, 2005, respondent received from petitioner Form 8857, Request for Innocent Spouse Relief (and Separation of Liability and Equitable Relief), in which she requested relief under section 6015.[1]

On January 19, 2006, respondent issued to petitioner a notice of determination in which respondent denied her relief under section 6015 with respect to her taxable years 1997, 2000, and 2003.  Petitioner timely filed a petition in the Court with respect to that notice.

On January 10, 2007, the Court issued an Order (Court's January 10, 2007 Order), in which the Court directed each party to file a response to that Order addressing the Court's jurisdiction over the instant case in light of the amendment to section 6015(e)(1) made by the Tax Relief and Health Care Act of 2006

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.

(Act). On February 1, 2007, respondent filed a response to the Court's January 10, 2007 Order (respondent's response), and on February 2, 2007, petitioner filed a response to that Order (petitioner's response).

## Discussion

The Act amended section 6015(e)(1) to provide that the Court may review the denial of relief under section 6015 by the Commissioner of Internal Revenue (Commissioner) in any case where an individual requested relief under section 6015(f). Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408(a), 120 Stat. 2922, 3061. That amendment applies "with respect to liability for taxes arising or remaining unpaid on or after the date of the enactment of this Act." Id. at 3062. The date of the enactment of the Act was December 20, 2006.

In respondent's response, respondent represents:

On December 21, 2005, petitioner fully paid the liabilities for taxable years 1997, 2000 and 2003. * * *

   * * * Thus, the liabilities for taxable years 1997, 2000 and 2003 did not remain unpaid as of the date of enactment. As a result, the amendments to I.R.C. § 6015(e) made by the Act * * * do not apply to those years. Because the amendments do not apply to taxable years 1997, 2000 and 2003, I.R.C. § 6015(e) as it existed before the amendments and the law concerning that statute apply to those years.

   *       *       *       *       *       *       *

   * * * As previously stated, in Billings v. Commissioner, 127 T.C. 7 (2006), this Court held that it lacked jurisdiction, under former I.R.C. § 6015(e), to review respondent's determination denying relief under

> I.R.C. § 6015(f) when respondent has not determined a deficiency. * * *

> In petitioner's response, petitioner

> concedes that no tax liability remains unpaid as of December 20, 2006. Accordingly, Petitioner concedes that she is not seeking to invoke this Court's jurisdiction under §6015(e)(1) **as amended** by the Tax Relief and Health Care Act of 2006. She is seeking jurisdictions [sic] under [section] 6015(e)(1) prior to amendment.

In petitioner's response, petitioner points out that the United States Court of Appeals for the Second Circuit, where an appeal in the instant case would normally lie, has not addressed the issue of whether this Court has jurisdiction under section 6015(e)(1) prior to its amendment by the Act where a deficiency has not been asserted. Petitioner seems to suggest in petitioner's response that, because the United States Court of Appeals for the Second Circuit has not addressed that issue, the Court should revisit and overrule its holding in Billings v. Commissioner, 127 T.C. 7 (2006).

We held in Billings v. Commissioner, supra, that we lack jurisdiction under section 6015(e)(1) prior to its amendment by the Act to review a determination by the Commissioner denying relief under section 6015(f) where a deficiency has not been asserted. The Court is bound by the holding in Billings and declines any invitation by petitioner to revisit and overrule that holding.

We conclude that we do not have jurisdiction over the instant case.  That is because the parties agree that the respective liabilities for tax for the taxable years 1997, 2000, and 2003 did not remain unpaid as of December 20, 2006, the date of the enactment of the Act.

To reflect the foregoing,

An order granting respondent's motion to dismiss for lack of jurisdiction will be entered.