T.C. Memo. 2008-28

UNITED STATES TAX COURT

LISA H. GREEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11678-06.                    Filed February 12, 2008.

<u>Mitchell S. Fuerst</u>, for petitioner.

<u>Brian A. Pfeifer</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction, as
supplemented.  After concessions,[1] the issue for decision is

_____

[1]Respondent concedes that the Court has jurisdiction under
sec. 6015(e), I.R.C., to review the determination denying relief
under sec. 6015(f), I.R.C., for 1999 and 2000.

whether we have jurisdiction under section 6015(e)[2] over petitioner's stand-alone case asserting a claim for equitable relief under section 6015(f) for 1995, 1996, 1997, and 1998.

## Background

Petitioner resided in Florida when the petition in this case was filed.

Petitioner filed joint Federal income tax returns for the years at issue with her former husband, Jonathan H. Green. Petitioner paid the Federal income tax liabilities reported on the 1995, 1996, 1997, and 1998 joint returns but did not pay the tax liabilities reported on the 1999 and 2000 joint returns. Respondent has not asserted a deficiency against petitioner for any year at issue.

On February 3, 2003, respondent received petitioner's Form 8857, Request for Innocent Spouse Relief, with a Statement Regarding Request for Equitable Relief (statement) for 1995 through 2000 attached. In the statement, petitioner requested a refund of tax paid for 1995 through 2000 under section 6015(f).

On March 24, 2006, respondent issued to petitioner a Notice of Determination Concerning Relief from Joint and Several Liability Under Section 6015 for 1999 and 2000, in which he denied petitioner's request for relief. Respondent, however, did

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code.

not issue a notice of determination for 1995, 1996, 1997, or 1998. Petitioner timely petitioned this Court, asserting that respondent erred by denying her relief under section 6015 for 1995, 1996, 1997, 1998, 1999, and 2000.

On November 28, 2006, respondent's motion to dismiss for lack of jurisdiction was filed. Respondent argues that we lack jurisdiction under section 6015(e) over petitioner's section 6015(f) claim for relief because respondent has not determined a deficiency for any of the years at issue. Petitioner filed a notice of objection to respondent's motion.

In the Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. C, sec. 408(a), (c), 120 Stat. 3061, 3062 (TRHCA section 408), Congress amended section 6015(e) to confer jurisdiction on this Court over stand-alone requests for equitable relief under section 6015(f), effective for tax liabilities arising or remaining unpaid on or after December 20, 2006. On April 19, 2007, respondent filed a supplement to his motion to dismiss for lack of jurisdiction. Respondent concedes that TRHCA section 408 grants us jurisdiction to review respondent's determination denying relief under section 6015(f) for 1999 and 2000. Respondent argues, however, that we lack jurisdiction to determine petitioner's eligibility for relief under section 6015(f) for 1995, 1996, 1997, and 1998 because the

tax liabilities for those years were fully paid before December 20, 2006.

On May 14, 2007, the Court held a hearing on respondent's motion at its trial session in Miami, Florida. Petitioner's and respondent's counsel appeared and were heard. At the hearing, we directed petitioner to submit a response to respondent's supplement and offered respondent the opportunity to reply to petitioner's response.

On June 15, 2007, petitioner's response to respondent's supplement was filed. On July 12, 2007, respondent replied.

## Discussion

### I.   Section 6015(e)

Section 6015(e) generally allows a spouse who has requested relief from joint and several liability to contest the Commissioner's denial of relief under section 6015 by filing a timely petition in this Court. Before the enactment of TRHCA section 408, the Court had jurisdiction over such cases only if the Commissioner had asserted a deficiency against the taxpayer. See Billings v. Commissioner, 127 T.C. 7 (2006). TRHCA section 408 amended section 6015(e) to confer jurisdiction on the Court over stand-alone requests for equitable relief under section 6015(f), but only with respect to tax liabilities arising or remaining unpaid on or after December 20, 2006.

Petitioner asserts that she is entitled to equitable relief under section 6015(f) in the form of a tax refund for each of the years 1995, 1996, 1997, and 1998. Her argument reflects the fact that she paid the tax liabilities for those years before December 20, 2006. Because petitioner's 1995-98 tax liabilities did not arise or remain unpaid on or after December 20, 2006, the Court does not have jurisdiction under section 6015(e), as amended by TRHCA section 408, over petitioner's stand-alone claim for equitable relief under section 6015(f) for 1995-98. See, e.g., Smith v. Commissioner, T.C. Memo. 2007-117; Bock v. Commissioner, T.C. Memo. 2007-41.

Petitioner argues, however, that TRHCA section 408 violates her equal protection and due process rights under the United States Constitution because it treats taxpayers who have paid their tax liabilities before December 20, 2006, differently from taxpayers who have not. Petitioner's argument is unavailing. It is well established that "Legislatures have especially broad latitude in creating classifications and distinctions in tax statutes." Regan v. Taxation With Representation, 461 U.S. 540, 547 (1983). A taxpayer challenging the constitutionality of a tax classification on equal protection grounds must bear the very heavy burden of negating "every conceivable basis which might support it." Id. at 547-548; see also Durham v. Commissioner, T.C. Memo. 2004-125.

Petitioner has not argued, and she has failed to demonstrate, that she is a member of any suspect classification or that TRHCA section 408 interferes with a fundamental right. Consequently, we must uphold TRHCA section 408 if it bears a rational relationship to a legitimate governmental purpose. See Regan v. Taxation With Representation, supra at 547. We have held that it is especially difficult to demonstrate that no rational basis exists for a classification in a revenue act for which the presumption that an act of Congress is constitutional is particularly strong. See Black v. Commissioner, 69 T.C. 505, 507-508 (1977); Cansino v. Commissioner, T.C. Memo. 2001-134. Moreover, under the rational basis standard, a statute does not violate the equal protection mandate "if any state of facts rationally justifying * * * [the statute] is demonstrated to or perceived by the courts." United States v. Md. Savings-Share Ins. Corp., 400 U.S. 4, 6 (1970).

One obvious rational basis for Congress's choice of an effective date is administrative convenience. Administrative convenience has been recognized as a sufficient reason for legislative line drawing. See, e.g., N.Y. Rapid Transit Corp. v. City of New York, 303 U.S. 573, 580 (1938). In enacting TRHCA section 408, Congress had to draw a line that would enable the Internal Revenue Service and the courts to ascertain when TRHCA section 408 would apply. Congress reasonably decided to use

TRHCA's enactment date, December 20, 2006, and limited the application of TRHCA section 408 to those taxpayers whose liability arose or remained unpaid on or after that date. We perceive this to be a rational basis for the line drawn by Congress, and we reject petitioner's argument to the contrary.

Petitioner has also failed to demonstrate that TRHCA section 408 violates her right to due process. Petitioner appears to argue that TRHCA section 408 offends due process because it was not made retroactive to a date that would have enabled her to have her day in court with respect to the fully paid 1995-98 liabilities. Petitioner, however, has provided no support for her argument. Moreover, a taxpayer who pays a tax in full and complies with other jurisdictional prerequisites can pursue a refund action in a U.S. District Court or in the U.S. Court of Federal Claims. See sec. 7422(a). If petitioner believed that she should not have been liable for the taxes for 1995-98 that were reported and fully paid, she could have filed a refund claim and related litigation. It does not follow from the fact that petitioner is foreclosed from litigating in this Court because of a rational decision on Congress's part to establish an effective date for TRHCA section 408 that petitioner's constitutional right to due process has been violated. We reject petitioner's due process argument as meritless.

II.  Equitable Jurisdiction

Petitioner argues that the Court should retain jurisdiction to determine whether petitioner was a signatory to the joint returns for 1995, 1996, 1997, and 1998.  Petitioner asserts that because she signed the joint returns under duress and coercion, she did not have the requisite intent to file a joint return.  In effect, petitioner is asking this Court to exercise jurisdiction over petitioner's claims under general equitable principles.

Petitioner has cited no statute or case that supports her argument that we can or should exercise jurisdiction independent of any conferred by section 6015(e).  The only cases that she cites in support of her argument that we have equitable jurisdiction to decide whether she signed her 1995-98 joint returns under duress are deficiency cases in which the Commissioner issued notices of deficiency and the taxpayers timely petitioned this Court.  See Stanley v. Commissioner, 81 T.C. 634 (1983); Brown v. Commissioner, 51 T.C. 116 (1968).

Petitioner never received a notice of deficiency for 1995-98.  Consequently, we do not have jurisdiction to redetermine a deficiency under section 6213(a).  In addition, for reasons described earlier in this opinion, we do not have jurisdiction over petitioner's section 6015(f) claims for 1995-98 under section 6015(e) as amended.  Petitioner has not asserted any basis for us to exercise jurisdiction over her claims.

In the light of the foregoing, we shall grant respondent's motion to dismiss petitioner's 1995-98 section 6015(f) claims for lack of jurisdiction, as supplemented.

<u>An appropriate order</u>
<u>of dismissal for lack of</u>
<u>jurisdiction will be entered</u>.